UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDWARD DIONTA WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-CV-0134-CVE-CDL |
| ) | |
| OFFICER GIRARD and ) | |
| CITY OF TULSA, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is plaintiff's complaint (Dkt. # 1) and motion for leave to proceed without prepayment of fees or costs (Dkt. # 2). On April 4, 2023, plaintiff Edward Dionta White filed a pro se complaint (Dkt. # 1) and a motion to proceed in forma pauperis (Dkt. # 2). In reliance upon the representations and information set forth in plaintiff's motion for leave to proceed in forma pauperis, the Court finds that the motion should be granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a). However, because authorization to proceed in forma pauperis excuses only prepayment of the fee, plaintiff remains obligated to pay the full $350 filing fee when he is able to do so. See Brown v. Eppler, 725 F.3d 1221, 1230-31 (10th Cir. 2013) (noting that obligation to pay full amount of filing fee extends to all litigants who proceed in forma pauperis because "all § 1915(a) does for a litigant is excuse *pre*-payment of fees"). Because the Court authorizes plaintiff to proceed without prepayment, he is not required to pay the $52 administrative fee.

Plaintiff has filed a pro se complaint using a form provided by the Court Clerk, and he has not completed the section of the complaint concerning subject matter jurisdiction. Dkt. # 1, at 1. Plaintiff states that he was taken into custody by unidentified Tulsa Police Department (TPD)

officers, and he claims that police officers used excessive force when taking him into custody. Id. at 1. He alleges that sometime between 6:30 and 8:30 p.m. on October 11, 2021 he was body slammed to the ground by a TPD officer. Id. at 2. Plaintiff claims that he was taken to the David L. Moss Criminal Justice Center, and he states that he was held in custody based on "fraudulent charges." Id. Plaintiff appears to be alleging claims of medical negligence and false imprisonment against the City. Plaintiff does not request any specific relief in his complaint. Id. Plaintiff's complaint contains no specific allegations concerning the conduct of "Officer Girard" who has been named as a defendant.

Under 28 U.S.C. § 1915(a), a federal district may allow a person to commence a civil action without prepayment of costs or fees and, although the statute references "prisoners," the Tenth Circuit has determined that the requirements of § 1915 apply to all persons seeking to proceed in forma pauperis. Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005). Plaintiff is requesting leave to proceed in forma pauperis and the requirements of § 1915 are applicable to this case. Section 1915(e)(2) requires the district court to dismiss a case if at any time the court determines that "the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted . . . ."

Plaintiff has filed a pro se complaint using a form provided by the Court Clerk, but he has failed to complete the jurisdictional section of the complaint. However, he appears to be alleging a medical negligence claim against the City and this type of claim would arise under state law. Plaintiff could also be alleging a false imprisonment claim arising under state law. Even though plaintiff is proceeding pro se, he must follow the same rules as other litigants and he is not exempt from the requirements of Oklahoma's Governmental Tort Claims Act, OKLA. STAT. tit. 51, § 151

(GTCA). Before bringing a tort claim against the state or a political subdivision within the state, a claimant must file notice with the political subdivision within one year of the loss. OKLA. STAT. tit. 51, § 156. Compliance with the notice requirement is jurisdictional, and a tort claim against a political subdivision must be dismissed if the plaintiff fails to allege compliance with the notice requirement. Hall v. GEO Group, Inc., 324 P.3d 399 (Okla. 2014). It is not clear if plaintiff actually intends to allege negligence or false imprisonment claims against the City under state law, but any state law tort claim against the City would be dismissed due to plaintiff's failure to allege compliance with the GTCA's notice provision.

The Court will also consider whether plaintiff's complaint could be construed to allege a colorable claim arising under federal law. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.")(citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). Under 42 § 1983, a plaintiff may not sue a municipal entity under a respondeat superior liability theory. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Rather, to establish a § 1983 claim against a municipal entity, "a plaintiff must allege facts showing (1) an official policy or custom, (2) causation, and (3) deliberate indifference." Lucas v. Turn Key Health Clinics, LLC, 58 F.4th 1127, 1145 (10th Cir. 2023). A plaintiff may establish the existence of an official policy or custom by alleging a "systemic failure of medical policies and procedures." Id. Additionally, a plaintiff may sufficiently allege

municipal liability where a custom or policy is carried out with insufficient staff. Garcia v. Salt Lake Cnty., 768 F.2d 303. 306-08 (10th Cir. 1985).

Plaintiff makes no allegations suggesting that he was denied medical care or that he was falsely arrested due to an official policy or custom maintained by the City of Tulsa, and he has not stated a claim against this defendant under § 1983. At most, plaintiff would have a false arrest or imprisonment claim arising under the Fourth Amendment based on his allegedly unlawful arrest against the individual officers who falsely arrested him or used excessive force. See Mondragon v. Thompson, 519 F.3d 1078, 1083 (10th Cir. 2008) (explaining the different bases for asserting a false arrest or imprisonment claim under § based on an alleged Fourth Amendment violation). However, plaintiff has made no specific allegations concerning the conduct of Officer Girard or any other TPD officer, and plaintiff's claim against Officer Girard should also be dismissed for failure to state a claim upon which relief can be granted. Therefore, plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2).

**IT IS THEREFORE ORDERED** that plaintiff's motion to proceed in forma pauperis (Dkt. # 2) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed** under 28 U.S.C. § 1915 for failure to state a claim upon which relief can be granted. A separate judgment of dismissal is entered herewith.

**DATED** this 14th day of July, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE